IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARK E. HURST,**

   **Plaintiff,**

 vs.              Civil Action 2:11-CV-1090
                  Judge Smith
                  Magistrate Judge King

**OHIO DEPARTMENT OF REHABILITATION
AND CORRECTION,** *et al.*,

   **Defendants.**

### ORDER
### REPORT AND RECOMMENDATION

  Plaintiff, a state inmate, brings this civil rights action alleging that he was denied medical care in contravention of his constitutional rights. This matter is now before the Court for the initial screen of the *Complaint* required by 28 U.S.C. §§1915(e), 1915A, and on plaintiff's motion for the appointment of counsel.

  The *Complaint* names as defendants a number of state employees as well as the Ohio Department of Rehabilitation and Correction. This state agency is absolutely immune from suit in this Court by virtue of the Eleventh Amendment to the United States Constitution. *See Beil v. Lake Erie Correction Records Dept.*, 282 Fed. Appx. 363, 2008 WL 2434738 (6th Cir. June 13, 2008). *See also Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997)(Eleventh Amendment sovereign immunity applies not only to the states themselves but also to "state agents and instrumentalities"). Moreover, a state agency is not a "person" subject to suit under 42 U.S.C. §1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70-71 (1989). It is therefore **RECOMMENDED** that defendant Department of Rehabilitation and Correction be dismissed from this action.

Plaintiff's motion for the appointment of counsel is **DENIED** without prejudice to renewal at a later stage of the proceedings.

The Court concludes that, at this juncture, the action can proceed against all named defendants except the defendant state agency. The United States Marshal is **DIRECTED** to effect service of process by certified mail on all the named defendants, who shall have forty-five (45) days after service of process to respond to the *Complaint*.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

s/Norah McCann King
Norah M<sup>c</sup>Cann King
United States Magistrate Judge

December 7, 2011