IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARK EDWARD HURST,

      Plaintiff,                                  Case No. 2:11-CV-1090
                                                   Judge Smith
    vs.                                                   Magistrate Judge King

OHIO DEPARTMENT OF REHABILITATION
AND CORRECTION, *et al.*,

      Defendants.


OPINION AND ORDER

This matter is before the Court on plaintiff's *Motion to Compel Defendants to Supply to This Court and Plaintiff, the Names and Addresses of the Board Members of the "Collegial Review Committee" at the Time of Plaintiff's Surgery Cancelation* ("*Motion to Compel*"), Doc. No. 26, and plaintiff's *Motion to Appoint Counsel*, Doc. No. 27. For the following reasons, plaintiff's *Motion to Compel* is **GRANTED in part** and plaintiff's *Motion to Appoint Counsel* is **DENIED**.

I.    BACKGROUND

Plaintiff Mark Hurst, a former state inmate, brings this civil rights action alleging that he was denied medical care in contravention of his constitutional rights when allegedly necessary surgery was cancelled. The *Complaint*, Doc. No. 4, names as defendants, *inter alios*, the "Collegial Review Committee" ["the Committee"] as well as members of the Committee, who are otherwise unidentified. *Id*. at 2. Attempted service on the unidentified

1

members of the Committee was returned unexecuted.  *See* Doc. No. 12.

Plaintiff filed a motion to compel defendants to produce "the Names and Addresses of the Board Members of the 'Collegial Review Committee' at the time of Plaintiffs Surgery Cancelation [sic]." *Motion to Compel*, at 5.[1]  Defendants oppose plaintiff's motion, taking the position that the discovery sought is neither relevant to plaintiff's claims nor reasonably calculated to lead to the discovery of admissible evidence because the "Collegial Review Committee was not involved in the decision to cancel Plaintiff's surgery." *Defendants' Substantive Response to Plaintiff's Motion to Compel*, Doc. No. 35, at 3.

**II.  MOTION TO COMPEL**

    **A.  Standard**

Determining the proper scope of discovery falls within the broad discretion of the trial court.  *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).  Rule 37 of the Federal Rules of Civil Procedure authorizes a motion to compel discovery when a party fails to provide a proper response to interrogatories under Rule 33 or requests for production of documents under Rule 34.  Rule 37(a) expressly provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).  "Although a plaintiff should not be denied access to information necessary to establish [his] claim, neither may a plaintiff be permitted 'to go fishing and a trial court

---

[1] Defendants initially opposed the motion on the basis that plaintiff had not attempted to resolve the dispute prior to filing the *Motion to Compel*. The Court rejected that argument, *Order*, Doc. No. 34, and defendants have now made substantive response to the *Motion to Compel*.

retains discretion to determine that a discovery request is too broad and oppressive.'" *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (quoting *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978)). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Martin v. Select Portfolio Serving Holding Corp.*, No. 1:05-cv-273, 2006 U.S. Dist. LEXIS 68779, at *2 (S.D. Ohio Sept. 25, 2006) (citing *Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 154, 159 (D.D.C. 1999)).

**B.    Relevancy**

Rule 26(b) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Relevance for discovery purposes is extremely broad. *Miller v. Fed. Express Corp.*, 186 F.R.D. 376, 383 (W.D. Tenn. 1999). "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500-01 (6th Cir. 1970) (citations omitted).

Plaintiff's discovery request seeks the "names, work addresses, and the home addresses of the Board Members of the 'Collegial Review Committee' at the time of Plaintiff's surgery cancellation." *Motion to Compel*, at 5. Because the *Complaint*, as noted *supra*, names the Committee members as defendants in the action, information sufficient to enable plaintiff to effect service of process on these defendants

3

is relevant. Defendants objected to the request on the basis of relevancy and stated, further, "Without waiving said objection, the 'Collegial Review Committee' was not involved in the decision to cancel Plaintiff's surgery." *Defendants' Substantive Response to Plaintiff's Motion to Compel*, at 3. Defendants support their position with the Declaration of David C. Weil, M.D., in which Dr. Weil states that it was his decision to cancel plaintiff's surgery. *Defendants' Substantive Response to Plaintiff's Motion to Compel*, Declaration of David C. Weil, M.D., at ¶ 8.

As an initial matter, the Court questions the propriety of resisting discovery relevant to service of process by disputing the merits of plaintiff's claim.[2] In any event, however, the exhibits submitted in connection with plaintiff's *Motion to Compel* suggest that the Committee and its members may in fact been involved in the decision to cancel plaintiff's surgery. *See Motion to Compel*, Exhibit P ("First, your surgery consult was sent to the collegial review committee (Operations Support Center-formerly known as Central Office). This committee had a conference with Dr. Weil on 3/4/11. A determination was made to cancel surgery and advise you to sign up for doctor sick call if pain persists."), Exhibit N (indicating that plaintiff's surgery was cancelled on the same day that the Committee conducted a conference with Dr. Weil), Exhibit R (indicating that the Committee consulted with Dr. Weil about the decision to cancel plaintiff's surgery). At a minimum, the members of the Committee may have personal knowledge of the conference with Dr. Weil and whether or

---

[2]The Court notes that defendants have in fact filed a *Motion for Summary Judgment,* Doc. No. 36.

not they were involved in the decision to cancel plaintiff's surgery.

Identifying information relating to defendants and persons who apparently possess personal knowledge of the events giving rise to plaintiff's claims is clearly relevant to the issues in the case and falls within the ambit of discoverable information. Plaintiff is therefore entitled to such information.

The Court is concerned, however, with plaintiff's request for the home addresses of the Committee members. If defendants are able to provide to plaintiff information sufficient to enable him to effect service of process on these individuals and to propound appropriate discovery on them, the Court will not require that their home addresses be divulged.

**III. MOTION TO APPOINT COUNSEL**

Plaintiff has filed a third motion to appoint counsel, Doc. No. 27. Again, because the action has not yet progressed to the point that the Court is able to evaluate the merits of plaintiff's claim, the motion for appointment of counsel, Doc. No. 27, is **DENIED** without prejudice to renewal at a later stage of the proceedings. *See Henry v. City of Detroit Manpower Dept.*, 763 F.2d 757 (6th Cir. 1985); *Reed v. Craig*, No. 1:11-cv-00719, 2012 U.S. Dist. LEXIS 82049, at *2-3 (S.D. Ohio June 13, 2012).

**WHEREUPON**, plaintiff's *Motion to Compel*, Doc. No. 26, is **GRANTED in part.** Defendants are **DIRECTED** to provide to plaintiff, within fourteen (14) days, identifying information regarding the members of the Collegial Review Committee sufficient to enable plaintiff to effect service of process and propound discovery on these individuals.

Plaintiff's *Motion to Appoint Counsel*, Doc. No. 27, is **DENIED**

5

without prejudice to renewal at a later stage of the proceedings.


September 13, 2012                     s/ Norah McCann King
                                      Norah M<sup>c</sup>Cann King
                                 United States Magistrate Judge