IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARK EDWARD HURST,

       Plaintiff,

vs.

OHIO DEPARTMENT OF REHABILITATION
AND CORRECTION, et al.,

       Defendants.

Case No. 2:11-CV-1090
Judge Smith
Magistrate Judge King

## OPINION AND ORDER

Plaintiff Mark Hurst, a former state prisoner, brings this action against defendants Ohio Department of Rehabilitation ["ODRC"], Gary Mohr, Mona Parks, Dr. David Weil, Karen Stanforth, Ralph Wilson, and six unidentified members of the "Collegial Review Committee" under 42 U.S.C. § 1983, alleging that defendants acted with deliberate indifference to his medical needs in violation of the Eighth Amendment to the United States Constitution. On October 23, 2012, the United States Magistrate Judge issued a *Report and Recommendation*, Doc. No. 47, recommending that *Defendants' Motion for Summary Judgment*, Doc. No. 36, be granted as to all of plaintiff's claims except for the § 1983 individual capacity claims against Dr. Weil. This matter is before the Court on Dr. Weil's *Objections to the Magistrate Judge's Report and Recommendation* ("Defendant's Objections"), Doc. No. 50. Plaintiff has not filed objections, but he has filed a response to *Defendant's Objections*. Doc. No. 51. For the reasons that follow,

1

*Defendant's Objections* are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**.

Plaintiff alleges that, while at the Madison Correctional Institution ("MaCI"), he was denied necessary surgery and rehabilitation for a rotator cuff tear. David C. Weil, M.D., was employed by the ODRC and treated plaintiff while he was incarcerated at the MaCI. Dr Weil referred plaintiff to an orthopedic specialist to determine if plaintiff's rotator cuff tear qualified for surgical repair. In December 2010, that specialist ordered surgery for the tear. However, in March 2010, Dr. Weil cancelled that surgery as "not immediately medically necessary." Exhibit B, attached to *Defendants' Motion for Summary Judgment*, pp. 14-15. Dr. Weil explained the cancellation of plaintiff's surgery as follows:

> Due to the fact the [sic] Mr. Hurst did not present to me with any complaints regarding his shoulder since October of 2010, I decided to postpone Mr. Hurst's surgery on March 4, 2011 until such time that I could conduct a face to face assessment of any ongoing pathology. This was communicated to the Collegial Review Committee who deemed this course of action reasonable due to the large time gap as mentioned above. Accordingly, the postponement and ultimate cancellation of his surgery came with an invitation via an order to the staff to accommodate follow-up with me if he had any residual symptoms.

*Declaration of David C. Weil, M.D.*, ¶ 8, attached to *Defendants' Motion for Summary Judgment*. After plaintiff's release from prison, another physician expressed his doubt that, at that point, plaintiff's rotator cuff tear could be repaired. *Plaintiff's Response*, Appendix 7, at pp. 2-5, Doc. No. 38.

The Magistrate Judge recommended that, as the motion relates to Dr. Weil, *Defendants' Motion for Summary Judgment* should be denied:

> Under the circumstances, a jury could reasonably find that Dr. Weil disregarded a known risk by cancelling plaintiff's rotator cuff surgery, to plaintiff's detriment. *See Plaintiff's Response*, Appendix 7, at p. 2 (Dr. Jackson advised plaintiff "that his rotator cuff tear may not be repairable this long post injury-a concern is fixed contracture of the supraspinatous with muscle wasting that prevents pulling the rotator cuff back to its insertion for repair. Rotator cuff repairs are more predictably repairable within a few months of injury."). Plaintiff's treatment for shoulder pain continued throughout this relevant period and even after his surgery was cancelled. *See Defendants' Motion*, Exhibit B, at pp. 11-13; *Plaintiff's Response*, Appendix 1.

*Report and Recommendation*, pp. 15-16.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, such as a motion for summary judgment, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Dr. Weil objects to the *Report and Recommendation* as contrary to law and based on clearly erroneous factual findings. *Defendant's Objections*, pp. 6, 9. Dr. Weil's objections are not, however, entirely clear. Rather than specifically designating the portion of the *Report and Recommendation* that he questions and the basis for his objections, Dr. Weil makes the same general arguments as he did in *Defendants' Motion for Summary Judgment*. Dr. Weil essentially argues

3

- as he did in *Defendants' Motion for Summary Judgment*, *see Defendants' Motion for Summary Judgement*, p. 12 - that this case represents a "simple disagreement as to the type of treatment and not a constitutional violation." *Defendant's Objections*, p. 11.

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. To prevail on his § 1983 individual capacity claim against Dr. Weil, plaintiff must prove that Dr. Weil acted with "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). This standard includes both an objective and a subjective component. The objective component requires a showing of a "sufficiently serious" medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The subjective component requires a plaintiff to "allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer*, 511 U.S. at 837). However, "a plaintiff need not show that the official acted 'for the very purpose of causing harm or with knowledge that harm will result.'" *Id.* (quoting *Farmer*, 511 U.S. at 835). "Instead, 'deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'" *Id.* (quoting *Farmer*, 511 U.S. at 836). On the other hand, a dispute over the course of medical treatment is not actionable under §1983; where an inmate has received some medical care and the dispute is over the adequacy of that care, federal courts "are generally reluctant to

4

second guess medical judgments . . . ." *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

Defendant does not object to the Magistrate Judge's conclusion that a reasonable jury could find that plaintiff suffered a serious medical need, i.e., a "complete tear of the rotator cuff with retraction of the supraspinatus muscle and tendon." *Report and Recommendation*, pp. 11-12.

As to the subjective component, Dr. Weil does not expressly object to the Magistrate Judge's conclusion that "[a] reasonable jury could find that Dr. Weil both subjectively perceived facts from which to draw an inference, and did draw an inference, that a substantial risk to plaintiff existed." *Id.* at p. 12. He does, however, argue that this case represents a "simple disagreement as to the type of treatment and not a constitutional violation." *Defendant's Objections*, p. 11. According to Dr. Weil, he "made a medical determination based upon the large gaps in requesting treatment that the surgery was not medically necessary at the time," and "[h]e did not have any knowledge that harm would result" from cancelling surgery. *Id.* at pp. 7-11.

The Magistrate Judge addressed these same arguments in making her recommendation and this Court agrees with that recommendation. Dr. Weil knew of plaintiff's rotator cuff tear and knew, too, that surgery had been recommended by the specialist to whom he had referred plaintiff. *See Dr. Weil Declaration*, attached to *Defendants' Motion for Summary Judgment* as Exhibit A, at ¶¶ 6-7. Defendant Weil

5

cancelled that surgery, purportedly because of gaps in his treatment, but the medical records suggest that there were no gaps in plaintiff's treatment. *See Defendants' Motion for Summary Judgment*, Exhibit B, at p. 11 (the orthopedic specialist's "report and recommendation[]" providing that plaintiff reported shoulder pain on December 5, 2010), p. 13 (plaintiff's December 20, 2010 prescription for Motrin and February 28, 2011 prescription for ibuprofen). There is also evidence suggesting that plaintiff's rotator cuff may no longer be repairable. *See Plaintiff's Response to Defendants' Motion for Summary Judgment*, Doc. No. 38, Appendix 7, at p. 2.

Under the circumstances, a reasonable jury could find that the medical decisions made in this case were such a substantial departure from accepted professional judgment as to amount to deliberate indifference. *See Lemarbe v. Wisneski*, 266 F.3d 429, 439 (6th Cir. 2001) ("'[A] prisoner is not required to show that he was literally ignored by the staff' to prove an Eighth Amendment violation. . . .") See also *Rahoi v. Sirin*, 252 F.R.D. 464, 475-76 (W.D. Wis. 2008) (denying summary judgment where a prisoner was provided with pain medication and other accommodations such as lower bunk and first floor restrictions for a torn rotator cuff).

Dr. Weil also objects to the *Report and Recommendation* on the basis that the Magistrate Judge made "clearly erroneous" factual findings that are inconsistent with plaintiff's medical records. *Defendants' Objections*, pp. 6-9. Again, Dr. Weil's objections are not entirely clear, but they appear to relate to the objections discussed *supra*. He objects to the "factual finding that 'the medical records

6

do not suggest that Dr. Weil had any interaction with Plaintiff between October 14, 2010 and March 4, 2011, when he cancelled Plaintiff's surgery' because prescriptions for ibuprofen and Motrin were continued throughout this period." *Id.* at pp. 6-7. Dr. Weil also objects to the "factual finding that Plaintiff's treatment for shoulder pain continued throughout this relevant period." *Id.* at p. 8. According to Dr. Weil, plaintiff did not present to him personally with any complaints regarding shoulder pain between October 14, 2010 and March 4, 2011, when Dr. Weil cancelled plaintiff's surgery. *Id.* at pp. 6-9.

Dr. Weil's objections are without merit. Regardless of whether plaintiff presented to Dr. Weil personally for shoulder pain between October 14, 2010 and March 4, 2011, the record is replete with evidence that plaintiff complained of, and was provided medication for, shoulder pain during this period. *See Defendants' Motion for Summary Judgment*, Exhibit B, at p. 11 (the orthopedic specialist's "report and recommendation[]" providing that plaintiff reported shoulder pain on December 5, 2010), p. 13 (plaintiff's December 20, 2010 prescription for Motrin and February 28, 2011 prescription for ibuprofin); *Plaintiff's Response to Defendants' Motion for Summary Judgment*, Doc. No. 38, Appendices 4 and 5 (plaintiff's February 20 and February 26, 2011 informal complaints expressing his belief that surgery was necessary and his concern that delay may cause permanent damage). Further, the Magistrate Judge did not find, as Dr. Weil argues, that "the medical records do not suggest that Dr. Weil had any interaction with Plaintiff between October 14, 2010 and March 4, 2011,

when he cancelled Plaintiff's surgery *because* prescriptions for ibuprofen and Motrin were continued throughout this period." *Compare Defendant's Objections*, pp. 6-7 (quotations omitted; emphasis added), *with Report and Recommendation*, p. 15 (finding that (1) plaintiff's "medical records do not suggest that Dr. Weil had any interaction with plaintiff between October 14, 2010 and March 4, 2011, when he cancelled plaintiff's surgery;" and (2) "[p]rescriptions for ibuprofen and Motrin were continued throughout this period.").

In short, the Court finds no error in the Magistrate Judge's discussion of the facts of this case or in her analysis of plaintiff's claims; there remains a genuine issue of material fact as to whether Dr. Weil's medical decisions in this case were such a substantial departure from accepted professional judgment as to amount to deliberate indifference.

Pursuant to 28 U.S.C. § 636(b)(1), this Court has conducted a careful *de novo* review of the *Report and Recommendation* and *Defendant's Objections*. For the foregoing reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, *Defendant's Objections*, Doc. No. 50, are **OVERRULED**. The *Report and Recommendation*, Doc. No. 47, is **ADOPTED** and **AFFIRMED**. Plaintiff's § 1983 individual capacity claims against Dr. Weil may proceed. *Defendants' Motion for Summary Judgment*, Doc. No. 36, is **GRANTED** as to plaintiff's remaining claims.

*S/ George C. Smith*
George C. Smith, Judge
United States District Court
