IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARK EDWARD HURST,**

    **Plaintiff,**

  vs.                          **Civil Action 2:11-cv-1090**
                                      **Judge Smith**
                                      **Magistrate Judge King**

**OHIO DEPARTMENT OF REHABILITATION
AND CORRECTION, *et al.*,**

    **Defendants.**

### REPORT AND RECOMMENDATION

Plaintiff Mark Hurst, a former state inmate, filed this action on December 7, 2011, naming as defendants the Ohio Department of Rehabilitation and Correction ("ODRC"),[1] Gary Mohr, Mona Parks, Dr. David Weil, Karen Stanforth, Ralph Wilson, and six unidentified members of the "Collegial Review Committee" under 42 U.S.C. § 1983, alleging that defendants acted with deliberate indifference to his medical needs in violation of the Eighth Amendment to the United States Constitution.  On December 3, 2012, the Court granted summary judgment in favor of the original defendants on all claims except the § 1983 individual capacity claim against Dr. Weil.  *Opinion and Order*, Doc. No. 52.  *See also Report and Recommendation*, Doc. No. 47, p. 16. Plaintiff thereafter filed the *Amended Complaint*, Doc. No. 58, asserting claims against John Gardner and Dr. Andrew Eddy, the

---

[1] ODRC was dismissed as a defendant on January 6, 2012.  *Order*, Doc. No. 8, p. 1.

previously unidentified members of the "Collegial Review Committee," and Dr. Weil.

Plaintiff alleged that defendants acted with deliberate indifference to his medical needs in violation of the Eighth Amendment to the United States Constitution by denying necessary surgery and rehabilitation for a rotator cuff tear. *Amended Complaint*, Doc. No. 58, ¶ 9. On September 30, 2014, and over plaintiff's objections, the Court granted summary judgment in favor of defendants on plaintiff's remaining claims. *Order*, Doc. No. 115. *See also Order and Report and Recommendation,* Doc. No. 107. In granting summary judgment to defendants, the Court found that plaintiff "failed to produce evidence that Defendants acted with deliberate indifference" and that there is evidence "that nonsurgical management is appropriate in some cases." *Order*, Doc. No. 115, pp. 1-2. The Court also concluded that the fact that plaintiff disagreed with the course of his medical treatment by defendants was not sufficient to establish their deliberate indifference to plaintiff's serious medical need. *Id*. The Clerk entered final judgment the same day. *Judgment in a Civil Action*, Doc. No. 116.

This matter is now before the Court for consideration of plaintiff's October 1, 2014 motion to stay the court's ruling on plaintiff's objections to the August 7, 2014 *Report and Recommendation* until plaintiff can obtain additional medical evidence. *Plaintiff's Motion*, Doc. No. 117. Because final judgment has been entered in this action, the Court will consider *Plaintiff's Motion* by reference to the

standards of Rules 59(e) and 60 of the Federal Rules of Civil Procedure.

Rule 59(e) requires that "[a] motion to alter or amend a judgment . . . be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A court may grant a motion to amend or alter a judgment if "there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted).

Rule 60 provides in pertinent part as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment . . . for the following reasons: . . . (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) . . . .

Fed. R. Civ. P. 60(b). The decision to grant or deny a motion for relief from judgment under Rule 60(b) falls within the sound discretion of the trial court. *Futernick v. Sumpter Twp.*, 207 F.3d 305, 313 (6th Cir. 2000) (citing *United States v. Universal Mgmt. Servs., Inc.*, 191 F.3d 750, 757 (6th Cir. 1999)). "The general purpose of Rule 60(b) . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Charter Twp. of Muskegon v. City of Muskegon*, 303 F.3d 755, 760 (6th Cir. 2002) (quotations and citations omitted).

In the case presently before the Court, plaintiff seeks relief from judgment so that he can obtain and submit as evidence the results of a September 26, 2014 MRI of his shoulder and a recommended course

3

of treatment based on those MRI results. *Plaintiff's Motion*, p. 2. Plaintiff represents that he lacked the financial resources to obtain an MRI prior to September 26, 2014, and that the MRI is "crucial to this case." *Id*. at pp. 2-3. According to plaintiff, the MRI was necessary to determine if his rotator cuff can be surgically repaired. *Id*. at p. 3. This Court concludes that plaintiff has not demonstrated grounds for relief under Rule 59 or 60.

By his current motion, plaintiff seeks to submit new evidence (that he has not yet obtained) that may or may not demonstrate that his rotator cuff can be surgically repaired. *See Plaintiff's Motion*, p. 3. However, the proposed new evidence is not relevant to the Court's determination that plaintiff "failed to produce evidence that Defendants acted with deliberate indifference" or that there is evidence "that nonsurgical management is appropriate in some cases." The evidence that plaintiff hopes to offer simply would not alter the Court's summary judgment analysis. The proposed new evidence would therefore be insufficient to create a genuine issue of material fact.

Accordingly, it is **RECOMMENDED** that *Plaintiff's Motion*, Doc. No. 117, be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections

must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


October 3, 2014                                  *s/Norah McCann King*
                                               Norah M<sup>c</sup>Cann King
                                          United States Magistrate Judge

5